**STATE, Plaintiff-Appellee, v. MULHALL, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3616.   Decided October 13, 1953.

Rendinell & Powers, Youngstown, for defendant-appellant.
H. H. Hunt, Director of Law, I. Freeman, Asst. Director of Law, Henry J. Fugett, Police Pros., Youngstown, for plaintiff-appellee.

## OPINION

By PHILLIPS, J.

Defendant appealed to this court on questions of law from a judgment of the court of common pleas, which court on defendant's appeal thereto affirmed the judgment of the Mu-

nicipal Court of Youngstown finding defendant guilty of operating a motor vehicle while under the influence of alcohol in violation of the provisions of §6296-30 GC.

Defendant's witness, a barmaid, testified that on the morning of October 18, 1951, she drove defendant in his automobile from Cherry Grove Tavern on Hillman Street, Youngstown, Ohio, where she worked, to Falls Avenue, where she lived; that she parked defendant's automobile there facing east on the right hand lane of traffic next to the curb with him seated in it and went to her apartment; and that when she returned a short time later to drive defendant to his place of employment defendant's automobile was not at the place she had parked it.

Police officers of the city of Youngstown testified that about 5:15 o'clock on the morning of October 18, 1951, they found defendant in a high state of intoxication seated in his automobile, "slumped over the wheel"; that the engine of such automobile was still running, and the automobile was facing east in the first lane of moving traffic on Falls Avenue in collision with an unattended automobile parked against the south curb of Falls Avenue facing east; and that upon inquiry defendant admitted that he was operating his automobile at the time in question.

The parties admit that defendant is charged with operation of a motor vehicle while intoxicated.

In his sole assignment of error defendant contends that "the judgment of the court of common pleas is not sustained by sufficient evidence and is manifestly against the weight thereof and is contrary to law."

We find the evidence sufficient to show defendant's guilt beyond a reasonable doubt.

The facts in the case of **Kistler v. City of Warren, 58 Oh Ap 531,** cited by the state, are almost identical with those in the case we review, in which case this court upheld conviction.

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, NICHOLS, J, concur.